Grant G. Teeple, Esq. SBN 144760
Gregory M. Garrison, Esq. SBN 165215
Jason N. Black, Esq. SBN 256261
Zachariah R. Tomlin, Esq. SBN 263563
TEEPLE HALL, LLP
9255 Towne Centre Drive, Suite 500
San Diego, CA 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-0411
E-Mails: grant@teeplehall.com
greg@teeplehall.com
zack@teeplehall.com
jason@teeplehall.com

Attorneys for Plaintiff BRIAN SHAW

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SHAW,<br><br>    Plaintiff,<br><br>vs.<br><br>HOMESERVICES LENDING LLC, Doing Business As HOMESERVICES; and DOHERTY EMPLOYMENT GROUP, INC.<br><br>    Defendants. | Case No. **'11 CV 0924 W    WVG**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>1) **Violation of Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.**<br>2) **Overtime and Minimum Wage Violations (California Labor Code Sections 510, 1182.11, 1194 and 1198, and IWC Wage Order(s))**<br>3) **Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**<br>4) **Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 512 and IWC Wage Order(s))**<br>5) **Failure to Timely Pay Wages (California Labor Code Section 201, 202, 203)**<br>6) **Violation of California Business and Professions Code Sections 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

1

Shaw v. Homeservices Lending LLC et al.    .                    Case No.
Complaint

# PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff BRIAN SHAW ("SHAW") to recover unpaid wages under Federal and California state law. Plaintiff was employed by Defendants HOMESERVICES LENDING LLC. and DOHERTY EMPLOYMENT GROUP, INC. (collectively "Defendants"). Plaintiff has been employed as a "Loan Officer" and was misclassified as exempt and therefore erroneously denied overtime, minimum wage, meal and rest period compensation as required by state and federal wage and hour laws.

2. During SHAW's entire period of employment with Defendants, Defendants failed to pay overtime, minimum wage, meal and rest period compensation to SHAW as required by state and federal law. Plaintiff seeks relief under all applicable provisions of the laws of the state of California. Plaintiff also seeks relief under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages and premiums due, pay appropriate overtime and minimum wage compensation, to provide and authorize meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

# THE PARTIES

3. Plaintiff BRIAN SHAW resides in San Diego County, California. He was employed by Defendants from approximately January 2008 to March 30, 2011 as a loan officer working in San Diego County, California.

4. Upon information and belief, Defendant HOMESERVICES LENDING LLC, is a limited liability company doing business and maintaining branches in many states throughout the United States, including the facilities in which Plaintiff worked in San Diego, California.

5. Upon information and belief, Defendant DOHERTY EMPLOYMENT GROUP, INC. is a corporation doing business throughout the United States, including San Diego, California.

6. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff herein alleged were proximately caused by such Defendants.

7. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, an "employer" for purposes of the FLSA or California state law, or an agent, employee, representing partner, integrated enterprise with, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq*. This Court also has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in several branch offices in the State of California, and because a substantial part of the events giving rise to the claims occurred in this district at Defendants' branch office in San Diego, California.

/ / /

/ / /

/ / /

## ALLEGATIONS UNDER THE FAIR LABOR STANDARDS ACT
### [29 U.S.C. Section 201, et seq.]

10. Defendants suffered and permitted Plaintiff to work more than forty hours per week without overtime compensation. As a result of the numerous hours worked.

11. Defendants' misclassified SHAW as an exempt employee at all times relevant to this case such that Defendant's unlawful conduct has been repeated and consistent throughout SHAW's entire period of employment with DEFENDANT's.

12. Defendants at all times knew and were aware that Plaintiff performed work that required overtime. Defendants have operated under a scheme to deprive SHAW of overtime compensation by failing to properly compensate him for all hours worked.

13. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff.

## CALIFORNIA ALLEGATIONS

14. SHAW brings the Second, Third, Fourth, Fifth and Sixth Claims for Relief pursuant to the Labor Code provisions of the State of California.

15. Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal Bus. & Prof. Code § 17200 *et seq.*, and the California Labor Code and related regulations, Ca. Labor Code §§ 201, 202, 203, 226, 1174, 1174.5, 1194, Cal Wage Order No. 4.

16. SHAW was improperly classified by Defendants as an exempt employee. In fact SHAW at all times relevant herein was a non-exempt employee entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law.

/ / /

17. Defendants employed SHAW within the meaning of California law.

18. Defendants failed to keep accurate time records for all hours worked by SHAW in violation of Labor Code §§ 226 and 1174.

19. Defendants' had a policy and practice of failing to pay SHAW all wages due within the time required by law after their employment ended violates California law.

20. Defendants failed to provide Plaintiff with meal and rest periods in violation of California Labor Code § 512 and applicable wage order(s).

21. Defendants' violations of law constituted oppressive, fraudulent, and/or malicious conduct sufficient to support an award of punitive damages and were "willful" because they were aware that SHAW was regularly working uncompensated overtime, had the means and opportunity to accurately track SHAW's time worked but failed to do so and intentionally chose to misclassify SHAW as being "exempt" in order to save thousands of dollars in payroll wages that should have been paid to SHAW.

### FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

22. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

23. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff.

24. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than $5.15 per hour worked and one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

25. During SHAW's employment with Defendants, within the applicable statute of limitations, SHAW worked in excess of forty hours per workweek without overtime compensation, and on some occasions, without the minimum wage. Despite being aware of the hours worked by SHAW, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay SHAW overtime and minimum wage compensation and in fact failed to accurately track and record SHAW's actual time worked.

26. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to SHAW sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

28. Plaintiff, seeks damages in the amount of his unpaid overtime and minimum wage compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

29. Plaintiff seeks recovery of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Compensation and Minimum Wage in Violation of California Law)**

30. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

///

6

Shaw v. Homeservices Lending LLC et al. . Case No.
Complaint

31. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. At all relevant times herein, California Labor Code § 1182.11 required an employer, such as Defendants, to pay a minimum wage of not less than $5.75 per hour. The minimum wage, as established by the Industrial Welfare Commission ("IWC"), was $6.75 per hour from January 1, 2002 through December 31, 2006, $7.50 per hour from January 1, 2007 through December 31, 2008, and rose to $8.00 per hour on January 1, 2008. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the IWC, or under conditions prohibited by the applicable wage orders of the IWC.

32. SHAW worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants knowingly and unlawfully failed to pay SHAW the overtime required in violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, SHAW is entitled to recover his unpaid overtime compensation.

33. SHAW was knowingly and unlawfully paid less than the applicable minimum wage established by the IWC and therefore is entitled to recover minimum wages pursuant to California Labor Code § 1182.11.

34. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, SHAW sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs. Further, Defendants' failure to pay SHAW for all hours worked constitutes oppressive, fraudulent, and/or malicious conduct, supporting an award of punitive damages.

## THIRD CLAIM FOR RELIEF

**(Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)**

35. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

36. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

37. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to SHAW in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff, by, among other things, impeding him from knowing the total hours worked and the amount of wages to which he is and was entitled. SHAW therefore is entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), SHAW is also entitled to and seeks injunctive relief requiring Defendants to comply with Labor Code 226(a).

## FOURTH CLAIM FOR RELIEF

**(Failure to Provide Rest Breaks and Meal Periods in Violation of California Law)**

38. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs.

/ / /

39. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

40. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

41. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order,

Shaw v. Homeservices Lending LLC et al.   .   Case No.
Complaint

the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

42. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

43. Defendants knowingly failed to provide or make available meal periods for SHAW as required by law, and knowingly failed to authorize and permit SHAW to take rest periods as required by law. SHAW is therefore entitled to payment of the meal and rest period premiums as provided by law. Further, Defendants' failure to pay SHAW for all hours worked constitutes oppressive, fraudulent, and/or malicious conduct, supporting an award of punitive damages.

## FIFTH CLAIM FOR RELIEF

**(Failure to Timely Pay Wages in Violation of California Law)**

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45. California Labor Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

46. SHAW is entitled to unpaid compensation, but to date has not received such compensation.

47. More than thirty days have passed since SHAW left Defendants' employ.

48. As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, SHAW is entitled to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF

**(Unfair Practice under the California Unfair Competition Act)**

49. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

50. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

51. Pursuant to Business and Professions Code § 17200 *et seq.*, SHAW is entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action and an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Shaw v. Homeservices Lending LLC et al.                                   Case No.
Complaint

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff BRIAN SHAW prays for the following relief under the FLSA:

A. Judgment against Defendant for an amount equal to SHAW's unpaid back wages at the applicable overtime rate;

C. An equal amount to the overtime damages as liquidated damages;

D. All costs and attorneys' fees incurred prosecuting this claim;

E. An award of prejudgment interest (to the extent liquidated damages are not awarded);

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

G. Such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff BRIAN SHAW prays for relief as follows under California state law:

H. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

K. Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

L. Appropriate statutory penalties;

M. An award of damages, liquidated damages, punitive damages as applicable and restitution to be paid by Defendant according to proof;

N. Pre-Judgment and Post-Judgment interest, as provided by law;

O. Such other injunctive and equitable relief as the Court may deem just and proper; and

P. Attorneys' fees and costs of suit, including expert fees and fees.

///

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: April 29, 2011          TEEPLE HALL, LLP

By: */s/ Gregory M. Garrison*
Grant G. Teeple, Esq.
Gregory M. Garrison, Esq.
Jason N. Black, Esq.
Zachariah R. Tomlin, Esq.
Attorneys for Plaintiff
BRIAN SHAW

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brian M. Shaw

**DEFENDANTS**
Homeservices Lending, LLC, Doing Business As Homeservices; and DOHERTY EMPLOYMENT GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) TEEPLE HALL, LLP
Gregory M. Garrison, Esq. SBN 165215  (858) 622-7878
9255 Towne Centre Drive, Suite 500, San Diego, CA 92121

Attorneys (If Known)

'11CV0924 W    WVG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 (aef) | ☐ 1 (aef) | Incorporated or Principal Place of Business In This State | ☐ 4 (aef) | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28:1331-Fair Labor Standards (aef)
Brief description of cause:
FLSA Wage and Hour Overtime Litigation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** To be determined at Trial
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 29, 2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gregory M. Garrison

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____